**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 28 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GARY OWEN KENDALL, | No. 20-35433 |
| Plaintiff-Appellant, | D.C. No. 1:20-cv-00140-BLW |
| v. | |
| UNITED STATES OF AMERICA; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, District Judge, Presiding

Submitted April 20, 2021[**]

Before: THOMAS, Chief Judge, TASHIMA and SILVERMAN, Circuit Judges.

Gary Owen Kendall appeals pro se from the district court's judgment

dismissing his action concerning his veterans' benefits. We have jurisdiction

under 28 U.S.C. § 1291. We review de novo. *Bishop Paiute Tribe v. Inyo County*,

863 F.3d 1144, 1151 (9th Cir. 2017) (dismissal for lack of subject matter

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)). We affirm.

The district court properly dismissed Kendall's action for lack of subject matter jurisdiction because the United States Courts of Appeals for Veterans Claims and the Federal Circuit have exclusive jurisdiction over questions that relate to benefits administered by the Veterans Administration. *See* 38 U.S.C. § 511(a); *Veterans for Common Sense v. Shinseki*, 678 F.3d 1013, 1022-25 (9th Cir. 2012) (en banc) (the Veterans' Judicial Review Act generally precludes district court jurisdiction over claims relating to or affecting veterans' benefits decisions, "even if the veteran dresses his claim as a constitutional challenge, and even where the veteran has challenged some other wrongful conduct that, although unrelated to the [Department of Veterans Affair's] ultimate decision on his claim, affected his or her benefits proceeding" (citations omitted)). However, a dismissal for lack of subject matter jurisdiction should be without prejudice. *Kelly v. Fleetwood Enters., Inc.*, 377 F.3d 1034, 1036 (9th Cir. 2004). We affirm the dismissal, and instruct the district court to amend the judgment to reflect that the dismissal of this action is without prejudice.

We reject Kendall's contention that the denial of his petition for ex parte injunction was unconstitutional as unpersuasive.

We do not consider allegations raised for the first time on appeal. *See*

*Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED; REMANDED with instructions to amend the judgment.**